UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FORTY NINER TRUCK PLAZA, INC., a California Corporation; | |
| Plaintiff, | NO. CIV. S-11-860 FCD/DAD |
| v. | MEMORANDUM AND ORDER |
| ROGER SHANK, CPA; | |
| Defendant. | |

----oo0oo----

This matter is before the court on plaintiff Forty Niner Truck Plaza, Inc.'s ("plaintiff") motion to file an amended complaint.[1] By the motion, plaintiff seeks to add causes of action for the unlawful practice of public accountancy and fraud against defendant Roger Shank.[2] Plaintiff maintains that such

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] Plaintiff's complaint alleges claims for professional negligence, breach of fiduciary duty and breach of oral contract arising out of its business relationship with defendant. For nearly 20 years, defendant performed year-round accounting services for plaintiff, including providing payroll services and

1

1 claims are warranted in light of new facts that came to light in
2 defendant's declaration, filed in support of his motion to
3 dismiss the case for lack of personal jurisdiction.[3]  Through
4 that declaration, plaintiff states it learned, for the first
5 time, that defendant was not authorized to practice public
6 accountancy or execute tax return documents in California as a
7 paid preparer, despite his representations to plaintiff, over 18
8 years, that he was qualified and authorized to do so.

9     Because a scheduling order has yet to issue in this case,
10 plaintiff's motion is governed by Federal Rule of Civil Procedure
11 15.  Pursuant to Rule 15(a), "leave [to amend] is to be freely
12 given when justice so requires."  "[L]eave to amend should be
13 granted unless amendment would cause prejudice to the opposing
14 party, is sought in bad faith, is futile, or creates undue
15 delay."  Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir.
16 1997).

17     Defendant's primary basis for opposing the motion is that
18 amendment of the complaint would be futile since plaintiff's
19 proposed claims are not cognizable.  However, while defendant
20 discusses at length plaintiff's claim for the unlawful practice
21 of public accountancy, he fails to address plaintiff's separate

---

sending monthly financial reports to plaintiff.

[3]     In said motion, defendant argued the court lacked personal jurisdiction over him, since he is an Ohio resident who is licensed to practice as a certified public accountant in Ohio, and plaintiff was his only California client.  The court, however, denied the motion, finding that through his long-standing business relationship with plaintiff, defendant purposely availed himself of the benefits of conducting business in California and no other considerations rendered the assertion of jurisdiction unreasonable. (Docket # 24, filed July 11, 2011 .)

2

intentional concealment (fraud) cause of action.  As such, with respect to that cause of action, plaintiff's motion is properly granted.

Regarding the public accountancy claim, defendant contends the claim is futile because California law provides him an exemption from the relevant statutory requirements for accountants; namely, California Business & Professions Code § 5050(b) which states that an out-of-state accountant who performs temporary work in California, incident to practice in another state, is exempt from the "practice privilege" requirements provided elsewhere in the Code.  Moreover, defendant argues that even if the requirements applied to him, the statute does not provide plaintiff with a private right of action to enforce the statute and seek damages.  Instead, the remedy for a violation of the accounting licensing statutes is a disciplinary action by the California Board of Accountancy.  See Cal. Bus. & Prof. Code § 5050.2.

Defendant's arguments are unavailing.  First, plaintiff may bring its claim for the unlawful practice of public accountancy pursuant to California Business and Professions Code § 17200 et seq., which permits a plaintiff to sue for unlawful business practices defined as "any unlawful, unfair or fraudulent business act or practice[.]"  Cal. Bus. & Prof. Code § 17200.  Here, plaintiff alleges defendant violated state law by conducting accounting services in California without a valid permit or practice privilege.  Cal. Bus. & Prof. Code § 5050(a) (providing that no person can "engage in the practice of public accountancy [in California] unless the person is the holder of a valid permit

3

to practice accountancy issued by the board or a holder of a practice privilege pursuant to Article 5.1"); Cal. Bus. & Prof. Code § 5096(a) (providing the requirements for a non-California licensed accountant to obtain a "practice privilege" to conduct business in California, including notification to the board of the intent to practice in California and payment of certain fees). These violations of law can serve as the predicates for a Section 17200 claim.

While plaintiff is correct that its claim is cognizable via Section 17200, plaintiff is incorrect that it may recover damages pursuant to that statute. A claim under Section 17200 is "equitable in nature; damages cannot be recovered . . . . [Generally stated] prevailing plaintiffs are . . . limited to injunctive relief and restitution." In re Tobacco II Cases, 46 Cal. 4th 298, 312 (2009) (internal quotations and citations omitted).

As to the applicability of Section 5050(b)'s exemption, plaintiff has pled sufficient facts to demonstrate that defendant's practice in California was not "temporary" and "incidental" to his practice in Ohio. Plaintiff has alleged that over eighteen continuous years defendant prepared monthly financial reports for plaintiff, prepared state and federal tax returns for the business and rendered other accounting services for plaintiff, including conducting its payroll. Taken as true, these facts would establish that defendant's business dealings with plaintiff in California were not "temporary" or merely "incidental" to his practice in Ohio. Indeed, this court's order denying defendant's motion for lack of personal jurisdiction

1 would further support such a finding.

2 　　As such, the court does not find amendment of the complaint
3 to be futile.  Plaintiff has alleged sufficient facts to state
4 cognizable claims against defendant for violation of state
5 accountancy laws and fraud.

6 　　Finally, as to the other relevant factors under Rule 15,
7 plaintiff has promptly sought leave to amend following its
8 discovery of new facts contained within defendant's recently
9 filed declaration, and thus, the instant motion is not being
10 brought in bad faith.  Additionally, granting leave to amend in
11 this case will cause neither prejudice to defendant nor undue
12 delay, as the case is in its preliminary stages.

13 　　Accordingly, for the foregoing reasons, plaintiff's motion
14 for leave to amend is HEREBY GRANTED.  Plaintiff shall file and
15 serve a first amended complaint in accordance with this order
16 within 10 days.  Defendant may file his response thereto within
17 20 days after service of the amended complaint.

18 　　IT IS SO ORDERED.

19 DATED: September 20, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE