IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORTY NINER TRUCK PLAZA,
INC., a California Corporation,

       Plaintiff,                          No. CIV S-11-00860 KJM-DAD

    vs.

ROGER SHANK, CPA,

       Defendant.                      <u>ORDER</u>

_____/

        This matter is before the court on the motion of defendant Roger Shank, CPA ("defendant") to modify the scheduling order under Federal Rule of Civil Procedure[1] 16 and for leave to file an amended answer in accordance with Rule 15(a) to assert an affirmative defense to plaintiff's claim for breach of contract based on California's Statute of Frauds, California Civil Code § 1624. (ECF 62.) Plaintiff, Forty Niner Truck Plaza, Inc. ("plaintiff"), opposes the motion. (ECF 65.) For the reasons set forth below, defendant's motion is denied.[2]

---

[1] All further reference to Rule or Rules is to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

1  Plaintiff filed its original complaint on January 27, 2011, in California state court;
2 defendant removed the action to this court on March 30, 2011, on the basis of diversity jurisdiction
3 (ECF 1.) Plaintiff's original complaint asserted claims for professional negligence and breach of
4 contract. (*Id.*) On September 20, 2011, with leave of court, plaintiff filed its First Amended
5 Complaint, adding claims for unlawful public accounting and intentional concealment. (ECF 39.)
6 On February 29, 2012, plaintiff filed its Second Amended complaint. (ECF 46.) The allegations
7 pertinent to this matter appeared in each version of plaintiff's complaint: that defendant's services
8 were controlled by an oral agreement and those services were performed from 1991 to 2010. (*See*
9 ECF 1, 39, 46 ¶¶ 7, 16, 19.) Defendant filed an answer to each complaint, but never asserted the
10 Statute of Frauds as an affirmative defense. (*See* ECF 33, 42, 48.)

11  Defendant now seeks to modify the Pretrial Scheduling Order ("PTSO"), arguing that
12 good cause exists to allow amendment of his answer because defendant only recently discovered the
13 existence of the Statute of Frauds defense when it took the deposition of plaintiff's owner, Dr. Terry
14 Rust, on June 4, 2012. (ECF 62-1 at 2:18-21.) Defendant maintains that, during that deposition, Dr.
15 Rust testified that the oral contract "[w]as intended to last longer than a year." (*Id.* at 2:22-28;
16 Declaration of Susan P. Beneville, ECF 62-2, Ex. C.) Defendant argues he has been diligent in
17 seeking amendment because "[t]his is the first time that any discovery was conducted as to the
18 intended duration of the oral contract and the first time that "[p]laintiff admitted that [the oral
19 contract] was intended to last more than a year." (ECF 62-1 at 3:1-3.)

20  Plaintiff contends the motion should be denied. Specifically, plaintiff argues that
21 defendant has not been diligent because he should have realized a potential defense under the Statute
22 of Frauds on January 27, 2011, when plaintiff filed its original complaint. (ECF 65 at 1:24-2:2.)
23 Plaintiff points out that the original complaint, and the two subsequent complaints each "uniformly
24 allege the existence of an oral contract between [p]laintif and [d]efendant" that "was performed over
25 a period of 18 years." (*Id.* at 3:22-4:5.) Plaintiff maintains that defendant cannot now claim he has
26 /////

2

been diligent in seeking to add a defense based on the Statute of Frauds when such a defense was "apparent on the face of the complaint." (*Id.* at 4:5-6.)

A "party seeking to amend [its] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." The "'good cause' standard primarily considers the diligence of the party seeking the amendment." The court may modify the PTSO "if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If the party was not diligent, the inquiry should end." *Id.* (internal citations omitted).

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments.*" Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [to grant or deny leave to amend,] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court should look to whether the party has previously amended the pleading, as "the district court's discretion is especially broad 'where the court has

3

already given a plaintiff one or more opportunities to amend . . . .'" *Id.* at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

The court finds that defendant has not been diligent in seeking modification. Indeed, defendant concedes that "it might have been prudent to assert the statute of frauds in the original answer," but argues that good cause exists to modify the PTSO because "the factual basis for the defense did not become known until the recent deposition of Dr. Rust." (ECF 62-1 at 4:18-20.) Defendant's reasoning is unavailing. The existence of a potential defense under the Statute of Frauds was clear from the face of the original and subsequent complaints: paragraphs seven, sixteen and nineteen of the original complaint, the first amended complaint and the second amended complaint expressly state that defendant's services were controlled by an oral agreement and those services were performed from 1991 to 2010. (*See* ECF 1, 39, 46.) Not only did defendant have an opportunity to assert the affirmative defense when he first answered plaintiff's original complaint, but he had two additional opportunities to assert the defense when he answered plaintiff's first and second amended complaints. *See In Re Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007) ("Federal Rules of Civil Procedure 8(a) and (c) provide that a defendant's failure to raise an 'affirmative defense' in [its] answer effects a waiver of that defense."); Fed. R. Civ. P. 8(c) (listing the statute of frauds as an affirmative defense). Based on the foregoing, the court finds that defendant has not been diligent in seeking modification of the PTSO.

Moreover, the court finds irrelevant defendant's argument that "[t]his was the first time that any discovery was conducted as to the intended duration of the oral contract . . . ." (ECF 62 at 3:1-3.) The intended duration of the oral contract has no bearing on whether the contract falls within the statute, and thus, amendment here would constitute an exercise in futility. Specifically, under California law, employment contracts that last for an indefinite duration generally are not covered by the statute; such contracts could conceivably be performed within one year and thus are not agreements that by their very terms are not to be performed within a year from the making. *See Foley v. Ineractive Data Corp.,* 47 Cal. 3d 654, 675 (1988) ("[T]he contract between plaintiff and

4

defendant could have been performed within one year of its making; plaintiff could have terminated his employment within that period, or defendant could have discharged plaintiff for cause. Thus, the contract does not fall within the statute of frauds and the fact that it was an implied or oral agreement is not fatal to its enforcement.").

Based on the foregoing, defendant's motion to modify the PTSO and for leave to file an amended answer is DENIED.

IT IS SO ORDERED.

DATED: July 11, 2012.

_____
UNITED STATES DISTRICT JUDGE